## STATE OF MAINE *vs.* ISRAEL DAVIS.

### Kennebec.    Opinion December 19, 1923.

*In a trial on indictment for receiving stolen goods under R. S., Chap. 122, Sec. 12, four other men having been engaged in the larceny, the testimony of one of the other four persons who were engaged in the larceny as to what another one of the four had told him the respondent had stated, showing his knowledge of the proposed larceny, is merely hearsay and not admissible.*

The indictment was not for conspiracy and the rules of evidence as to declarations of co-respondents does not apply.

The State should have produced the witness himself, to whom the respondent it was contended had made the statements, and he was readily available.

The admission of this evidence was not harmless error as it constituted a substantial part of the testimony against the respondent.

On exceptions by respondent. The respondent was tried upon an indictment charging him with having received stolen goods knowing them to have been stolen. The State called one Frank Murray, one of the four persons who were engaged in the larceny of the goods, who testified as to what one George Warren, another one of the four persons who were engaged in the larceny, had told him that the respondent had stated to him, Warren, showing respondent's knowledge of the proposed larceny. Counsel for the respondent objected to the admission of his testimony on the ground it was hearsay testimony and in violation of the best evidence rule. The testimony was admitted and counsel for respondent took exceptions. Counsel also requested the privilege to cross-examine Murray, which was denied by the presiding Justice and exceptions entered. Exceptions sustained.

The case is fully stated in the opinion.

*Walter M. Sanborn, County Attorney,* for the State.

*Gordon F. Gallert, Pattangall, Locke & Perkins* and *F. Harold Dubord,* for respondent.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

CORNISH, C. J. The respondent was indicted under R. S., Chap. 122, Sec. 12, tried and found guilty of receiving stolen goods. Four men were engaged in the larceny itself according to the testimony which is made a part of the bill of exceptions. These were Knox and Smith in one automobile, Warren and Murray in another, and the plunder consisted of hens and a calf taken from the Plisga place in Sidney. The contention of the State was that the respondent Davis received and paid for the goods knowing them to have been stolen, that he was, to use the technical language of the craft, the "fence" in the transaction.

During the course of the trial the State offered the following testimony from Murray, one of the self-confessed thieves, which was admitted by the presiding Justice subject to objection and exception.

"Q. After you left Israel Davis' place in Waterville on the first night and you were bound for the John Plisga place in Sidney, what, if anything, did George Warren tell you about conversation that he had had with Israel Davis about Israel Davis sending him down there?

"A. He told me that Israel Davis told him where to go.

"Q. He told you that Israel Davis told him where to go for what purpose?

"A. Well, he didn't say for what purpose; he said he told him where the hens were."

The respondent objected to this evidence on the ground that it was mere hearsay, the respondent not being present at the alleged conversation. The State offered it on the ground that a conspiracy existed among the four thieves and the respondent and therefore any admissions or declarations by one of the conspirators were admissible against the others.

The exception must be sustained.

The State relies upon the recent decision in *State* v. *Vetrano et als*, 121 Maine, 368. The offense charged in that case was conspiracy to wound, maim and injure one De Sarno, and the indictment was brought under R. S., Chap. 128, Sec. 24. Conspiracy was the gist of the crime and the rule as laid down by the court in that class of actions was "that the acts and words of all parties alleged to be participants in the conspiracy, as well as all other testimony, are

admissible in the discretion of the court for the purpose of proving the fact of conspiracy, but are not to be taken into consideration against any one of the parties concerned until, from the evidence thus.admitted, the fact of a conspiracy is proved; after which the acts and words of each co-conspirator, whenever done or whenever said, in furtherance of the common purpose are admissible against all the alleged conspirators upon the ground that the act of one is the act of all." Applying this rule the court in that case held certain letters admissible which were dictated by one of the conspirators, the fact of conspiracy being fully established.

That case however, is not relevant in the case at bar. Here the indictment is not brought against the five for conspiracy to do an unlawful act, but against one for doing an unlawful act. A conspiracy is neither alleged in the indictment nor substantiated by the evidence. The charge is simply that of receiving stolen goods and to prove it the State was allowed to introduce the testimony of Murray that Warren told him that Davis told him (Warren) where to go for the hens. This is a striking illustration of hearsay evidence and was clearly inadmissible.

If the State desired to prove the compromising statement of Davis it could and should have done so by introducing Warren himself, the party to whom the statement is claimed to have been made. He was within the jurisdiction of the court, in safe keeping in the nearby County jail, and therefore readily available. His incarceration afforded no excuse for his nonproduction. 2 Wigmore Ev., Section 1407.

In view of the weakness of the other evidence in this case by which guilty knowledge on the part of Davis was sought to be shown, we cannot regard the admission of this testimony of Murray as harmless error. It went to the very pith of the accusation and without it the case would have been rather doubtful.

The entry must therefore be,

*Exceptions sustained.*